POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant Mingxi Bi and Proposed Co-Lead Counsel for the Class*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| KEVIN VREELAND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>METAGENOMI INC., BRIAN C. THOMAS, PAMELA WAPNICK, JUERGEN ECKHARDT, SEBASTIAN BERNALES, RISA STACK, and WILLARD DERE,<br><br>Defendants. | Case No.: 5:24-cv-06765-EKL<br><br>NOTICE OF MOTION AND MOTION OF MINGXI BI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date:  March 5, 2025<br>Time:  10:00 a.m.<br>Judge:  Hon. Eumi K Lee<br>Courtroom:  7 – 4th Floor |

# TABLE OF CONTENTS

NOTICE OF MOTION ..................................................................................................................1

STATEMENT OF ISSUES .........................................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................................2

    I.     PRELIMINARY STATEMENT .........................................................................2

    II.    STATEMENT OF FACTS ..................................................................................3

    III.   ARGUMENT ........................................................................................................4

         A.    BI SHOULD BE APPOINTED LEAD PLAINTIFF ...............................4

             1.    Bi Is Willing to Serve as a Class Representative .........................5

             2.    Bi Has the "Largest Financial Interest" ........................................6

             3.    Bi Otherwise Satisfies the Requirements of Rule 23 ....................7

             4.    Bi Will Fairly and Adequately Represent the Interests of
                   the Class and Is Not Subject to Unique Defenses ..........................9

         B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
             BE APPROVED .......................................................................................9

    IV.   CONCLUSION ...................................................................................................11

PROOF OF SERVICE .................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Duncan et al. v. Joy Global Inc.*,
    No. 2:16-cv-1229-pp (E.D. Wis.) ........................................................................................... 10

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ................................................................................................... 7

*Hessefort v. Super Micro Comput., Inc.*,
    317 F. Supp. 3d 1056 (N.D. Cal. 2018) ................................................................................... 7

*In re CBD Energy Limited Securities Litigation*,
    No. 4:15-cv-01668 (S.D. Tex.) .............................................................................................. 11

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) .................................................................................................... 6

*In re Comverse Tech., Inc. Sec. Litig.*,
    No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .................. 6, 10

*In re Flint, Mich. Water Crisis Litigation*,
    No. 16-CV-10444 (E.D. Mich.) ............................................................................................ 10

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................... 6

*In re Petrobras Securities Litigation*,
    No. 14-cv-09662 (S.D.N.Y.) ................................................................................................. 10

*In re Solar City Corp. Sec. Litig.*,
    No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) .................................... 7

*In re Spectrum Pharm., Inc. Sec. Litigation*,
    No. 16-CV-02279 (D. Nev.) .................................................................................................. 10

*Klein v. Altria Group, Inc. et al.*,
    No. 3:20-cv-00075 (E.D. Va.) ............................................................................................... 10

*Knox v. Yingli Green Energy Holding Co.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................................................... 6

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ..................................................... 6

*Lerman v. Apple, Inc.*,
    No. 15-CV-07381 (E.D.N.Y.) .................................................................................... 10

*M&M Hart Living Trust, et al. v. Global Eagle Entertainment, Inc.*,
    No. 17-cv-1479-PA (C.D. Cal.) ................................................................................. 10

*Nicolow v. Hewlett Packard Co.*,
    No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ............................. 6

*Osher v. Guess?, Inc.*,
    No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D. Cal. Apr. 26, 2001) .......... 9

*Richardson v. TVIA, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .................... 7

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ..................................................................................... 8

**Statutes**

15 U.S.C. § 77z-1 ................................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................. *passim*

Securities Act of 1933 ............................................................................................ 1, 2, 8

**Rules**

Fed. R. Civ. P. 23 ................................................................................................... *passim*

# NOTICE OF MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on March 5, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Eumi K. Lee, in Courtroom 7, 4th Floor, United States Courthouse, 280 South First Street, San Jose, California 95113, Mingxi Bi ("Bi") will and hereby does respectfully move this Court, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Bi as Lead Plaintiff on behalf of a class (the "Class") consisting of all shareholders that purchased Metagenomi Inc. ("Metagenomi" or the "Company") stock pursuant and/or traceable to Metagenomi's registration statement for the initial public offering held between February 9 and 13, 2024 (the "IPO" or the "Offering"); and (2) approving Bi's selection of Pomerantz LLP ("Pomerantz") and Bronstein, Gewirtz & Grossman LLC ("BG&G") as Co-Lead Counsel for the Class.

This motion is made on the grounds that Bi believes that he is the most adequate plaintiff of the Class within the meaning of the PSLRA based on, *inter alia*, the number of shares of Metagenomi stock that he purchased pursuant and/or traceable to the IPO, and the significant losses that he incurred as a result of the fraud alleged in the above-captioned action (the "Action"). Bi also satisfies the applicable requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because his claims are typical of those other Class members, and he will fairly and adequately represent the interests of the Class. In addition, the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. Bi's choice of counsel, Pomerantz and BG&G, have the skill, knowledge, expertise, and experience that will enable the firms to prosecute this Action effectively and expeditiously under Bi's direction.

This motion is supported by the Memorandum of Points and Authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.

## STATEMENT OF ISSUES

1. Whether Bi is the "most adequate plaintiff" pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(iii).

2. Whether to approve Bi's selection of Co-Lead Counsel, Pomerantz and BG&G, pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **PRELIMINARY STATEMENT**

The complaint ("Complaint") (Dkt. No. 1) in the Action alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Securities Act. Metagenomi investors, including Bi, incurred significant losses following the disclosure of the alleged fraud, which caused Metagenomi's share price to fall sharply, damaging Bi and other Metagenomi investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies Rule 23's requirements. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Pursuant and/or traceable to the IPO, Bi purchased 1,306 shares of Metagenomi stock, expended $9,967 on these purchases, and, as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $7,303. *See* Pafiti Decl., Exhibit ("Ex.") A. Accordingly, Bi believes that he has the largest financial interest in the relief sought in this Action. Beyond his considerable financial interest, Bi also satisfies the applicable requirements of Rule 23 because his claims are typical of those of absent Class members and he will fairly and adequately represent the Class's interests.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Bi has selected Pomerantz and BG&G as Co-Lead Counsel for the Class. Pomerantz and BG&G are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' resumes.

Accordingly, Bi respectfully requests that the Court enter an Order appointing Bi as Lead Plaintiff for the Class and approving his selection of Pomerantz and BG&G as Co-Lead Counsel for the Class.

## II.   STATEMENT OF FACTS

As alleged in the Complaint in the Action, Metagenomi introduced itself to investors during its initial public offering as a "genetic medicines company" having a long-standing business relationship with Moderna, one of the leading Covid-19 vaccine companies. Integral to Metagenomi's collaboration with Moderna was the claim that the two companies had entered into a Strategic Collaboration and License Agreement on October 29, 2021, which included multiple four-year research programs and a subsequent licensed product-by-licensed product agreement.

Under the terms of the collaboration, Metagenomi and Moderna planned to advance a series of *in vivo* gene editing therapeutics against undisclosed targets. Notably, Metagenomi was to utilize its gene editing systems in combination with Moderna's mRNA and LNP technologies, to develop and produce next-generation therapies for genetic diseases. As per the agreement, Metagenomi was to receive an upfront cash payment and was eligible to receive certain target option exercise fees as well as development, regulatory and commercial milestone payments, plus tiered royalties on net sales of any products that were commercialized by Moderna. Moderna also agreed to make an equity investment in Metagenomi in the form of a convertible note.

Metagenomi completed its initial public offering on February 13, 2024, selling 6.25 million shares at $15 per share. However, less than three months later, on May 1, 2024, Metagenomi announced that it and Moderna had "mutually agreed to terminate their collaboration" agreement. An analyst reported on the announcement, noting that the news was surprising, as was its timing. The analyst also noted that the partnership Metagenomi had with Moderna was a critical part of the core thesis and that losing this partnership during this early stage in development raised more questions than answers. In response to the news, Metagenomi's stock price declined from $7.04 per share on May 1, 2024 to $6.17 per share on May 2, 2024.

The plaintiff in the Action and other similarly situated investors bought Metagenomi stock in the IPO based on false and/or materially misleading information concerning its collaboration agreement with Moderna. These investors sustained damages as a result thereof.

## III.   ARGUMENT

### A.   BI SHOULD BE APPOINTED LEAD PLAINTIFF

Bi should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 77z-1(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 77z-1(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 77z-1(a)(3)(B)(iii)(I).

As set forth below, Bi satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Bi Is Willing to Serve as a Class Representative

On September 26, 2024, the statutorily required Notice of the Action was caused to be published via *Accesswire* pursuant to Section 27(a)(3)(A)(i) of the PSLRA, which announced that a securities fraud class action had been filed against Metagenomi and other defendants, and which advised investors in Metagenomi securities that they had 60 days from the date of the Notice's publication—*i.e.*, until November 25, 2024—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B.

Bi has filed the instant motion pursuant to the Notice, and has submitted a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. C. Accordingly, Bi satisfies the first requirement to serve as Lead Plaintiff of the Class.

**2.     Bi Has the "Largest Financial Interest"**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). To the best of his knowledge, Bi has the largest financial interest of any Metagenomi investor or investor group seeking to serve as lead plaintiff based on the factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, including: (1) the number of shares purchased; (2) the total net funds expended; and (3) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the [factors of the *Lax* test.]"); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See Nicolow*, 2013 WL 792642, at *4; *Knox*, 135 F. Supp. 3d. at 1163.

Pursuant and/or traceable to the IPO, Bi: (1) purchased 1,306 shares of Metagenomi stock; (2) expended $9,967 on his purchases of Metagenomi stock; and (3) as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $7,303 in connection with his purchases of Metagenomi stock. *See* Pafiti Decl., Ex. A. To the extent that Bi possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate"

plaintiff (15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb)), given that he also satisfies the requirements of Rule 23.

### 3. Bi Otherwise Satisfies the Requirements of Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Bi's claims are typical of those of the Class. Bi alleges, like other Class members, that Defendants violated the Securities Act by making what they knew or should have known were false or misleading statements of material facts concerning Metagenomi, or by omitting to state material facts necessary to make the statements they did make not misleading. Bi, like other Class members, purchased or otherwise acquired Metagenomi stock pursuant to the IPO at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Metagenomi's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Bi is an adequate representative for the Class. Here, Bi has submitted a sworn Certification declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C. There is no evidence of antagonism or conflict between Bi's interests and those of the Class, and Bi's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. Moreover, Bi has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz and BG&G to the Court for approval as Co-Lead Counsel for the Class pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v).

Further demonstrating his adequacy, Bi has submitted a sworn Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D.

### 4. Bi Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Bi as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Bi's ability and desire to fairly and adequately represent the Class has been discussed above. Bi is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Bi should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with a lead plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 WL 861694, at *4.

Here, Bi has selected Pomerantz and BG&G as Co-Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Pafiti Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *Id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al.*, No. 3:20-cv-00075 (E.D. Va.), in March 2022. *See id.*

BG&G is also highly experienced in the areas of securities litigation and class actions, having served in co-lead or executive positions in: *Lerman v. Apple, Inc.*, No. 15-CV-07381 (E.D.N.Y.) (co-lead counsel; $20 million settlement of class action by New York and New Jersey iPhone 4S owners); *In re Flint, Mich. Water Crisis Litigation*, No. 16-CV-10444 (E.D. Mich.) (Plaintiff Executive Committee Member; global settlement with State of Michigan for approximately $600 million); *In re Spectrum Pharm., Inc. Sec. Litigation*, No. 16-CV-02279 (D. Nev.) (co-lead counsel; case settled for approximately $3 million); *M&M Hart Living Trust, et al. v. Global Eagle Entertainment, Inc.*, No. 17-cv-1479-PA (C.D. Cal.) (co-lead counsel in securities class action); *Duncan et al. v. Joy Global Inc.*, No. 2:16-cv-1229-pp (E.D. Wis.) (co-

lead counsel in securities class action; $20 million settlement for the class); *In re CBD Energy Limited Securities Litigation*, No. 4:15-cv-01668 (S.D. Tex.) (co-lead counsel in securities class action). See Pafiti Decl., Ex. F.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Bi's counsel, Pomerantz and BG&G, have the skill, knowledge, expertise, and experience that will enable the firms to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Bi's selection of Pomerantz and BG&G as Co-Lead Counsel, the members of the Class will receive the best legal representation available.

## IV.  CONCLUSION

For the foregoing reasons, Bi respectfully requests that the Court issue an Order: (1) appointing Bi as Lead Plaintiff for the Class; and (2) approving Bi's selection of Pomerantz and BG&G as Co-Lead Counsel for the Class.

Dated: November 25, 2024                                  Respectfully submitted,

                                                          POMERANTZ LLP

                                                          */s/ Jennifer Pafiti*
                                                          Jennifer Pafiti (SBN 282790)
                                                          1100 Glendon Avenue, 15th Floor
                                                          Los Angeles, California 90024
                                                          Telephone: (310) 405-7190
                                                          jpafiti@pomlaw.com

                                                          POMERANTZ LLP
                                                          Jeremy A. Lieberman
                                                          (*pro hac vice* application forthcoming)
                                                          J. Alexander Hood II
                                                          (*pro hac vice* application forthcoming)
                                                          600 Third Avenue, 20th Floor
                                                          New York, New York 10016
                                                          Telephone: (212) 661-1100
                                                          Facsimile: (917) 463-1044

jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Mingxi Bi and Proposed Co-Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Counsel for Lead Plaintiff Movant Mingxi Bi and Proposed Co-Lead Counsel for the Class*

**PROOF OF SERVICE**

I hereby certify that on November 25, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jennifer Pafiti*
Jennifer Pafiti