**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Robert E. Mohr III*
*and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VREELAND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>METAGENOMI INC., BRIAN C. THOMAS, PAMELA WAPNICK, JUERGEN ECKHARDT, SEBASTIAN BERNALES, RISA STACK, and WILLARD DERE,<br><br>Defendants. | Case No.: 5:24-cv-06765-EKL<br><br>**ROBERT E. MOHR III'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:       March 5, 2025<br>Time:       10:00 a.m.<br>Courtroom:  7-4th Floor<br>Judge:      Hon. Eumi K. Lee |

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     ARGUMENT...........................................................................................................2

        A.    The PSLRA Process for Selecting a Lead Plaintiff. ........................................2

        B.    Mr. Mohr Is the Presumptive "Most Adequate Plaintiff."................................2

              1.    *Mr. Mohr Possesses the "Largest Financial Interest."*......................2

              2.    *Mr. Mohr Satisfies Rule 23's Typicality and Adequacy Requirements.* .............5

        C.    No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Mohr as Lead Plaintiff. ...............................................................6

III.    LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL....................7

IV.     CONCLUSION.......................................................................................................7

ROBERT E. MOHR III'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS
MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

# **TABLE OF AUTHORITIES**

**Cases**

*Armour v. Network Assocs.,*
    171 F. Supp. 2d 1044 (N.D. Cal. 2001) ...................................................................................6

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...............................................................................................6

*Crawford v. Honig*,
    37 F.3d 485 (9th Cir. 1994) .................................................................................................5

*Crews v. Rivian Auto., Inc.*,
    No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795 (C.D. Cal. July 1,
    2022) ...................................................................................................................................2

*Ferrari v. Gisch*,
    225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................................5

*Foster v. Maxwell Techs., Inc.*,
    No. 13-cv-00580-BEN-RBB, 2013 U.S. Dist. LEXIS 154538 (S.D. Cal. Oct. 24,
    2013) ...................................................................................................................................4

*Hall v. Medicis Pharm. Corp.*,
    No. CV-08-1821-PHX-GMS, et al., 2009 U.S. Dist. LEXIS 24093 (D. Ariz. Mar.
    11, 2009) .............................................................................................................................5

*Hessefort v. Super Micro Computer, Inc.*,
    317 F. Supp. 3d 1056 (N.D. Cal. 2018) ..............................................................................4

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .............................2

*In re Livent Noteholders Seg. Litig.*,
    151 F. Supp. 2d 371 (S.D.N.Y. 2001) .................................................................................4

*Norfolk Cty. Ret. Sys. v. Cmty. Health Sys.*,
    No. 3:11-cv-0433, 2011 U.S. Dist. LEXIS 149899 (M.D. Tenn. Nov. 28, 2011) ...............4

*In re Olsten Corp. Securities Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ....................................................................................3

*Sallustro v. Cannavest Corp.*,
    93 F. Supp. 3d 265 (S.D.N.Y. 2015) ...................................................................................4

*In re Smart Techs., Inc. Sec. Litig.*,
    295 F.R.D. 50 (S.D.N.Y. 2013) ..........................................................................................3

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ...............................................................................1

*Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*,
    No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452 (C.D. Cal. Sep. 29,
    2017) ...................................................................................................................................3

iii

**Statutes**

15 U.S.C. § 77k...........................................................................................................................4

15 U.S.C. § 77z-1................................................................................................................*passim*

## I.    PRELIMINARY STATEMENT

The Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1 (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, Robert E. Mohr III's motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii). Mr. Mohr's "financial interest" in this action equates to a recoverable loss of $4,980. This loss is attributable to his purchase of 500 shares of Metagenomi Inc. ("Metagenomi") stock for $6,000 on March 7, 2024. *See* ECF Nos. 9-2, 9-3. The only other shareholder who moved for lead plaintiff, Minxi Bi, has a smaller financial interest. Though he claims to have lost $7,303, this figure includes approximately $3,000 of *unrecoverable* losses. Mr. Bi purchased a significant portion of his shares (over 60%) *after* the corrective disclosure alleged in the complaint. Thus, Mr. Bi cannot claim damages in connection with these shares, reducing his recoverable loss to $4,030. An updated loss calculation showing Mr. Bi's true financial interest in the litigation is filed herewith as Exhibit F.

Having lost over $900 more than Mr. Bi, there should be no dispute that Mr. Mohr holds the "largest financial interest" in the action. Moreover, Mr. Mohr has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Mr. Mohr is typical of the other class members insofar as he acquired Metagenomi stock pursuant and/or traceable to Metagenomi's registration statement for the initial public offering and was damaged as a result. Mr. Mohr does not have any interests adverse to the class and, as demonstrated in the declaration accompanying his motion, he is ideally suited to serve as the lead plaintiff having been investing in the stock market for 10 years and his experience overseeing attorneys. *See* ECF No. 9-5.

Accordingly, for the reasons set forth herein, Mr. Mohr respectfully requests that the Court grant his motion in its entirety and deny the competing motion.

## II.    ARGUMENT

### A.    The PSLRA Process for Selecting a Lead Plaintiff.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 77z-1(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

After the presumptive "most adequate plaintiff" is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that he or she "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptive "most adequate plaintiff" should be appointed as lead plaintiff.

### B.    Mr. Mohr Is the Presumptive "Most Adequate Plaintiff."

#### 1.    *Mr. Mohr Possesses the "Largest Financial Interest."*

When deciding among competing lead plaintiff movants, the Court must first determine which investor possesses the largest financial interest and then decide whether they have met the adequacy and typicality requirements of Rule 23. 15 U.S.C. § 77z-1 (a)(3)(B)(iii)(I)(bb). In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "courts use the *Lax-Olsten* four-factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.*, No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities*

2

*Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998). Of the four factors, "[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis." *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *14 (C.D. Cal. Sep. 29, 2017).

In this instance, Mr. Mohr is the movant with the largest "financial interest." Importantly, Mr. Bi purchased approximately 60% of his shares *after* the alleged corrective disclosure and, therefore, those shares cannot be considered in the "financial interest" analysis. Of the 1,306 shares Mr. Bi purchased, 818 shares were bought on June 13, 2024—approximately six weeks *after* Metagenomi's announcement on May 1, 2024 that it had terminated its collaboration agreement with Moderna Inc. *See* ECF No. 1, ¶4. The following table provides the correct relative "financial interest" under the various factors identified above and properly disregards the shares purchased by Mr. Bi after the corrective disclosure:

| Movant | Gross Shares Purchased | Value of Shares | Recoverable Losses |
|---|---|---|---|
| Robert E. Mohr III | 500 | $6,000.00 | $4,980.00 |
| Mingxi Bi | 488 | $5,026.40 | $4,030.88 |

*See* ECF Nos. 9-3 and 12-3; *see also* Exhibit F filed herewith.

The law is clear that Mr. Bi cannot claim losses on the shares he purchased after the corrective disclosure alleged in the complaint. The complaint in this action asserts a violation of Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k. Section 11 states, in pertinent part, that: "In case any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person acquiring such security (*unless it is proved that at the time of such acquisition he knew of such untruth or omission*) may, either at law or in equity, in any court of competent jurisdiction, sue every person who signed the registration statement . . . ." 15 U.S.C. § 77k(a) (emphasis added). Thus, where the truth becomes known *prior* to a purchase, a shareholder cannot later claim to have sustain damages in connection with those shares. *See In re Smart Techs., Inc. Sec. Litig.*, 295 F.R.D. 50, 58 (S.D.N.Y. 2013) ("Any investor who purchased after the November 9 corrective disclosure would have known of the alleged 'untruth or omission at the time of his or her acquisition of the security,' and thus, that his or her claims would be incongruous with plaintiff's (who purchased

ROBERT E. MOHR III'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

prior to the November 9 corrective disclosure--i.e., without such knowledge).”); *In re Livent Noteholders Seg. Litig.*, 151 F. Supp. 2d 371, 441 (S.D.N.Y. 2001) (“The Rieger Noteholders may not recover under §§ 11 or 12(a)(2) if they knew of the alleged untruth or omission at the time of purchase.” (citing 15 U.S.C. § 77k(a))); *see also Sallustro v. Cannavest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) (“when evaluating a plaintiff’s financial interest for purposes of selecting a lead plaintiff, courts in this Circuit consider that plaintiff’s recoverable loss, and do not take into account losses from shares sold prior to corrective disclosures”); *Foster v. Maxwell Techs., Inc.*, No. 13-cv-00580-BEN-RBB, 2013 U.S. Dist. LEXIS 154538, at *9 (S.D. Cal. Oct. 24, 2013) (“This Court focuses on the amount of potential recovery in the relief sought by the class.”).

As allegd in the complaint, Metagenomi completed its initial public offering on February 13, 2024, selling 6.25 million shares at $15 per share. *See* ECF No. 1 at ¶4. On May 1, 2024, Metagenomi announced that it and Moderna had “mutually agreed to terminate their collaboration” agreement. *Id.* In response to the news, Metagenomi’s stock price declined from $7.04 per share on May 1, 2024 to $6.17 per share on May 2, 2024. *Id.* Consequently, when Mr. Bi purchased 818 shares on June 13, 2024 (ECF No. 12-5), he did so knowing the alleged untruth or omission concerning Metagenomi’s collaboration agreement with Moderna (*i.e.*, that it had been terminated) and cannot claim damages on those shares.

Properly disregarding damages from those shares, Mr. Bi’s recoverable loss falls to $4,030 compared to Mr. Mohr’s recoverable loss of $4,980. *Compare* ECF No. 9-3 *with* Exhibit F (filed herewith). Even though the claimed losses between Mr. Mohr and Mr. Bi are less than $1,000, that difference is meaningful in the context of the PSLRA’s lead plaintiff-appointment process. *See Hessefort v. Super Micro Computer, Inc.,* 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (finding that “any financial difference is meaningful in determining a lead plaintiff” and rejecting movant’s contention “that the difference in losses is *de minimis* and therefore should not control the selection of lead plaintiff”); *Norfolk Cty. Ret. Sys. v. Cmty. Health Sys.,* No. 3:11-cv-0433, 2011 U.S. Dist. LEXIS 149899, at *17-22 (M.D. Tenn. Nov. 28, 2011) (rejecting argument that a movant’s larger loss was “‘only $20,382 or barely one-half of one percent’” larger and “that such a difference was not significant” such that the court should “disregard the insignificant difference and focus on the other

4

factors"); *Hall v. Medicis Pharm. Corp.,* No. CV-08-1821-PHX-GMS, et al., 2009 U.S. Dist. LEXIS 24093, at *19 (D. Ariz. Mar. 11, 2009) ("[T]he Court cannot rely on the fact that the difference between Steamfitters and Rand is only a few hundred dollars. Rand has a greater financial stake in the controversy, however minute that greater stake may be in relation to the overall damage claim."); *Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004) ("Although the Massachusetts Group concludes that the 'de minimus' difference of $26,000 should not be conclusive on the financial interest determination, the Ninth Circuit has given no indication that courts are free to ignore the statutory presumption given to the plaintiff with the 'largest financial interest in the relief sought by the class.'"); Thus, Mr. Mohr, with his claimed loss of $4,980.00, indisputably possesses the largest financial interest in the outcome of the litigation.

### 2. *Mr. Mohr Satisfies Rule 23's Typicality and Adequacy Requirements.*

Not only does Mr. Mohr possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari*, 225 F.R.D. 599, 606 (internal quotations removed). Mr. Mohr's claims are typical of those of other Class members because, like other Class members, he acquired Metagenomi securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the action. Moreover, Mr. Mohr's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Mohr must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 15 U.S.C. § 77z-1 (a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Mohr has no conflicts with other Class Members, nor is there evidence of any antagonism between Mr. Mohr's interest and those of the Class.

Finally, Mr. Mohr has further demonstrated his adequacy by submitting a declaration in support

5

ROBERT E. MOHR III'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

of his Motion, attesting that he is ready, willing, and able to oversee this litigation. In the declaration, Mr. Mohr provided his education, employment and experience overseeing attorneys. *See* ECF No. 9-5. Mr. Mohr lives in Saint Petersburg, Florida and possesses a Bachelor of Science-Environmental Science/Business degree. *Id*. He is currently employed as a director of sales at People Guru and has been investing in securities for ten years. *Id*. Mr. Mohr has experience overseeing attorneys, as he has hired attorneys for personal matters and business litigation in a franchise dispute. *Id*. Further, in his certification and declaration, Mr. Mohr states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 9-2; 9-5 (PSLRA Certification & Mohr Declaration).

Mr. Mohr, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Mohr is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 77z-1(a)(3)(B)(iii)(II).

  **C.**  **No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Mohr as Lead Plaintiff.**

Importantly, because Mr. Mohr has the largest financial interest in this litigation, the PSLRA provides a rebuttable presumption that he is the most adequate plaintiff to represent the Class. The "strong presumption" in favor of appointing Mr. Mohr as Lead Plaintiff can only be rebutted with "proof" that Mr. Mohr is somehow atypical or inadequate. 15 U.S.C. § 77z- 4(a)(3)(B)(iii)(II). In considering step three of the lead plaintiff appointment process laid out in *Cavanaugh*, competing movants may attempt to rebut the presumptive lead plaintiff's showing of typicality and adequacy only with actual proof that the presumptive lead plaintiff cannot effectively represent the Class or is subject to a unique defense. *In re Cavanaugh*, 306 F.3d 726, 740-41 (9th Cir. 2002) ("the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class'"). "Speculative assertions" are insufficient to rebut the lead plaintiff presumption. *See Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) (collecting cases).

No such proof exists here. Mr. Mohr has no conflicts with the members of the Class and is

ROBERT E. MOHR III'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

motivated to recover the heavy losses he suffered. Accordingly, Mr. Mohr is both typical and adequate and his Motion should be granted in its entirety.

**III.    LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL**

This Court should approve Mr. Mohr's selection of Levi & Korsinsky as Lead Counsel. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 77z-1 (a)(3)(B)(v). Numerous courts throughout the country have appointed Levi & Korsinsky as lead counsel in securities class action lawsuits. *See* ECF No. 9-6. With approximately 30 attorneys across five different offices, including an office in this district, Levi & Korsinsky stands ready, willing and able to prosecute this case. *Id.*

**IV.    CONCLUSION**

For the foregoing reasons, Mr. Moh respectfully requests that this Court: (1) appoint Mr. Mohr as Lead Plaintiff for the Class in the action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: December 9, 2024                    Respectfully submitted,

                                           **LEVI & KORSINSKY, LLP**

                                           */s/ Adam M. Apton*
                                           Adam M. Apton (SBN 316506)
                                           1160 Battery Street East, Suite 100
                                           San Francisco, CA 94111
                                           Tel: (415) 373-1671
                                           Email: aapton@zlk.com

                                           *Attorneys for Robert E. Mohr III and Proposed Lead Counsel for the Class*

ROBERT E. MOHR III'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL