POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Mingxi Bi and Proposed Co-Lead*
*Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| KEVIN VREELAND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>METAGENOMI INC., BRIAN C. THOMAS, PAMELA WAPNICK, JUERGEN ECKHARDT, SEBASTIAN BERNALES, RISA STACK, and WILLARD DERE,<br><br>Defendants. | Case No.: 5:24-cv-06765-EKL<br><br>MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF MINGXI BI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION<br><br><u>CLASS ACTION</u><br><br>Date:  March 5, 2025<br>Time:  10:00 a.m.<br>Judge:  Hon. Eumi K Lee<br>Courtroom:  7 – 4th Floor |

Movant Bi[1] respectfully submits this memorandum of law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Pomerantz and BG&G as Co-Lead Counsel (Dkt. No. 12); and in opposition to the competing motion of Robert E. Mohr III ("Mohr") (Dkt. No. 9).

## I.    PRELIMINARY STATEMENT

The Action is a putative securities class action lawsuit on behalf of investors in Metagenomi securities.  As with all federal class action securities lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

Here, that movant is Bi, who incurred a loss of approximately $7,303 in connection with his purchases of Metagenomi stock pursuant and/or traceable to the Company's IPO.  Although the PSLRA does not define "financial interest," courts in the Ninth Circuit generally assess financial interest with reference to the *Lax* factors, including: (1) securities purchased; (2) funds expended; and (3) monetary loss.  *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (emphasizing loss in assessing financial interest); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).  Among the *Lax* factors, courts generally consider monetary loss to be the most significant with respect to financial interest.  *Id.*  The table below sets forth Bi's losses compared to those of Mohr, the only competing movant:

---

[1] All capitalized terms herein are defined in Bi's moving brief, unless otherwise indicated.  *See* Dkt. No. 12.

1

| Movant | Loss |
|--------|------|
| Bi | $7,303 |
| Mohr | $4,980 |

As the table reflects, Bi's loss of $7,303 exceeds Mohr's claimed loss by over ***$2,300***. As such, it cannot reasonably be disputed that Bi has alleged the largest financial interest in this litigation.

In addition to his significant financial interest, Bi also satisfies the adequacy and typicality requirements of Rule 23. Bi is aware of no conflict between his interests and those of the Class, his losses incurred as a result of the Defendants' alleged malfeasance gives him a sufficient stake in the outcome of the Action to ensure vigorous advocacy, and in Pomerantz and BG&G, Bi has retained qualified and experienced counsel. *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019); *Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019). Moreover, Bi's claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the claims of the other Class members. *See, e.g., Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020). Further demonstrating his adequacy, Bi has submitted a detailed Declaration providing the Court with biographical information about himself and attesting to, *inter alia*, his understanding of the significance of his motion, the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class. *See generally* Dkt. No. 12-6.

For the foregoing reasons, Bi respectfully requests that the Court grant his motion in its entirety and deny Mohr's competing motion.

## II.    ARGUMENT

### A.    BI SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  At this stage, the movant that has the largest financial interest need only make a *prima facie* showing that he or she satisfies the adequacy and typicality requirements of Rule 23.  *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002).  Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 77z-1 (a)(3)(B)(iii)(II).  Here, the most adequate class representative for the Class is Bi.

#### 1.    Bi Has the "Largest Financial Interest"

The PSLRA requires the court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii).  As the chart at p. 2 reflects, Bi incurred losses of approximately $7,303 as a result of the malfeasance alleged in this Action, exceeding by $2,300 the losses claimed by Mohr, the only competing movant.  Bi has thus plainly alleged the largest financial interest in this litigation.

#### 2.    Bi Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Bi has also made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23.  *See Cavanaugh*, 306 F.3d at 730-31.  First, Bi's claims satisfy the typicality requirement of Rule 23(a)(3) because they are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See*, *e.g.*, *Vataj*, 2020 WL 532981, at *3.  Bi, like all members of Class, purchased Metagenomi stock pursuant and/or

traceable to the IPO at prices artificially inflated by defendants' misrepresentations or omissions and was damaged when the truth about the Company's business came to light in the months following the IPO. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the requirements of Rule 23. *Vataj*, 2020 WL 532981, at *3. Second, Bi satisfies the adequacy requirement of Rule 23(a)(4) because he has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. *See, e.g.*, *Karinski*, 2019 WL 8013753, at *1; *Harari*, 2019 WL 4934277, at *3. Bi further demonstrated his adequacy by submitting, with his motion papers, a Declaration attesting to, *inter alia*, his understanding of the significance of his motion, the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class. *See generally* Dkt. No. 12-6.

\* \* \* \* \*

Because Bi has the largest financial interest of any eligible Lead Plaintiff applicant in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

To overcome the strong presumption entitling Bi to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

**B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The Court should not

interfere with a lead plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 WL 861694, at *4.

Here, Bi has selected Pomerantz and BG&G as Co-Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. In 2018, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade. *See* Dkt. No. 12-7. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.* Thus, the Court may be assured that by approving the selection of counsel by Bi, the members of the class will receive the best legal representation available.

BG&G is also highly experienced in the areas of securities litigation and class actions, having served in co-lead or executive positions in: *Lerman v. Apple, Inc.*, No. 15-CV-07381 (E.D.N.Y.) (co-lead counsel; $20 million settlement of class action by New York and New Jersey iPhone 4S owners); *In re Flint, Mich. Water Crisis Litigation*, No. 16-CV-10444 (E.D. Mich.) (Plaintiff Executive Committee Member; global settlement with State of Michigan for approximately $600 million); *In re Spectrum Pharm., Inc. Sec. Litigation*, No. 16-CV-02279 (D. Nev.) (co-lead counsel; case settled for approximately $3 million); *M&M Hart Living Trust, et al. v. Global Eagle Entertainment, Inc.*, No. 17-cv-1479-PA (C.D. Cal.) (co-lead counsel in securities class action); *Duncan et al. v. Joy Global Inc.*, No. 2:16-cv-1229-pp (E.D. Wis.) (co-lead counsel in securities class action; $20 million settlement for the class); *In re CBD Energy*

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF MINGXI BI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION – 5:24-cv-06765-EKL

*Limited Securities Litigation*, No. 4:15-cv-01668 (S.D. Tex.) (co-lead counsel in securities class action).  *See* Dkt. No. 12-8.

## III.    CONCLUSION

For the foregoing reasons, Bi respectfully requests that the Court issue an Order: (1) appointing Bi as Lead Plaintiff for the Class; and (2) approving Bi's selection of Pomerantz and BG&G as Co-Lead Counsel for the Class.

Dated: December 9, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Mingxi Bi and Proposed Co-Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF MINGXI BI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION – 5:24-cv-06765-EKL

Facsimile: (212) 697-7296
peretz@bgandg.com

*Counsel for Lead Plaintiff Movant Mingxi Bi and Proposed Co-Lead Counsel for the Class*

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF MINGXI BI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION – 5:24-cv-06765-EKL

**PROOF OF SERVICE**

I hereby certify that on December 9, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF MINGXI BI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION – 5:24-cv-06765-EKL