**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Robert E. Mohr III*
*and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VREELAND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>METAGENOMI INC., BRIAN C. THOMAS, PAMELA WAPNICK, JUERGEN ECKHARDT, SEBASTIAN BERNALES, RISA STACK, and WILLARD DERE,<br><br>Defendants. | Case No.: 5:24-cv-06765-EKL<br><br>**ROBERT E. MOHR III'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF HIS MOTION FOR LEAD PLAINTIFF**<br><br>Date:      March 5, 2025<br>Time:     10:00 a.m.<br>Courtroom: 7-4th Floor<br>Judge:   Hon. Eumi K. Lee |

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT .................................................................................................1

II.    ARGUMENT.........................................................................................................................1

    A.    Mr. Mohr Possesses the Largest Financial Interest in Relief Sought by the Class.........1

    B.    Mr. Mohr Satisfies Rule 23's Typicality and Adequacy Requirements. ........................3

    C.    Mr. Mohr is the Presumptive Lead Plaintiff. .................................................................4

III.    CONCLUSION.....................................................................................................................5

ROBERT E. MOHR III'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF HIS MOTION FOR LEAD PLAINTIFF

# TABLE OF AUTHORITIES

## Cases

*ABN AMRO VERZEKERINGEN BV v. Geologistics Ams., Inc.*,
  485 F.3d 85 (2d Cir.2007)....................................................................................................6

*Ali v. Intel Corp.*,
  No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401 (N.D. Cal. May 29, 2018)........................4

*Armour v. Network Assocs.*,
  171 F. Supp. 2d 1044 (N.D. Cal. 2001) .............................................................................5

*Bhangal v. Hawaiian Elec. Indus.*,
  No. 3:23-cv-04332-JSC, 2023 U.S. Dist. LEXIS 218534 (N.D. Cal. Dec. 7, 2023)........................4

*Bhangal v. Hawaiian Electric Industries, Inc., et. al.*,
  Case No. 3:23-cv-04332-JSC (N.D. Cal. Aug. 24, 2023)......................................................3

*Bodri v. GoPro, Inc.*,
  No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559 (N.D. Cal. Apr. 28, 2016) .......................2

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ........................................................................................1, 5

*Cedano-Viera v. Ashcroft*,
  324 F.3d 1062 (9th Cir. 2003) .......................................................................................6

*Cottam v. Glob. Emerging Capital Grp., LLC*,
  16 Civ. 4584 (LGS), 2020 U.S. Dist. LEXIS 56181 (S.D.N.Y. Mar. 30, 2020) .........................6

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994) ...........................................................................................5

*Erickson v. Snap, Inc.*,
  No. 2:17-CV-03679-SVW-AGR, 2017 U.S. Dist. LEXIS 221050 (C.D. Cal. Sept.
  18, 2017) .....................................................................................................................3

*Fisher v. Kanas*,
  487 F. Supp. 2d 270 (E.D.N.Y. 2007), *aff'd*, 288 F. App'x 721 (2d Cir. 2008)..........................6

*GAMCO Inv'rs, Inc. v. Vivendi*,
  917 F. Supp. 2d 246 (S.D.N.Y. 2013)...............................................................................3

*Guohua Zhu v. UCBH Holdings, Inc.*,
  682 F. Supp. 2d 1049 (N.D. Cal. 2010) ...........................................................................4

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)..................................2

*Mateo v. Bristow*,
  No. 12 Civ. 5052, 2013 U.S. Dist. LEXIS 106478 (S.D.N.Y. July 16, 2013)...............................6

*In re Olsten Corp. Securities Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................................2

ROBERT E. MOHR III'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF HIS MOTION FOR LEAD PLAINTIFF

*In re Petrobras Sec. Litig.,*
   104 F. Supp. 3d 618 (S.D.N.Y. 2015)..................................................................................3

*Robb v. Fitbit Inc.,*
   No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016).............................2

*Westwood v. Brott,*
   Case No. 22-cv-03374-CRB, 2022 U.S. Dist. LEXIS 218885 (N.D. Cal. Dec. 5,
   2022) ..................................................................................................................................5

*Wildridge v. Marshall,*
   No. C 09–2236 SI, 2014 WL 1217974 (N.D. Cal. Mar. 21, 2014)..................................6

**Statutes**

15 U.S.C. § 77k.................................................................................................................3

15 U.S.C. § 77z-1 .....................................................................................................1, 4, 5

ROBERT E. MOHR III'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF HIS MOTION FOR LEAD PLAINTIFF

## I.    PRELIMINARY STATEMENT

Mr. Mohr respectfully submits this reply memorandum in further support of his motion: (1) to be appointed as Lead Plaintiff, pursuant to § 27 of the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of his selection of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the class. As demonstrated previously and explained further herein, Mr. Mohr is entitled to the statutory presumption of Lead Plaintiff pursuant to the PSLRA. This is because he possesses the "largest financial interest" in the outcome of the litigation and has made the necessary *prima facie* showings of typicality and adequacy under Federal Rule of Civil Procedure 23.

Once the presumption is triggered, a competing movant can attempt to rebut it with "proof" of inadequacy. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). The competing movant here, Mingxi Bi ("Mr. Bi"), fails to do this. Notably, he does not provide any "proof" of Mr. Mohr's inadequacy in his opposition brief, only claiming that he suffers a larger loss compared to Mr. Mohr. *See* ECF No. 16. But Mr. Bi's loss calculations are inaccurate. As discussed in Mr. Mohr's opposition brief, Mr. Bi incorrectly included losses from shares he purchased after the May 1, 2024 corrective disclosure. *See* ECF No. 15. These losses are not recoverable, meaning that Mr. Bi's "financial interest" is artificially inflated. Moreover, by virtue of the fact that Mr. Bi purchased the majority of his shares after the May 1, 2024 corrective disclosure, it appears that Mr. Bi did not rely on the alleged misrepresentations in this action and therefore cannot adequately represent the class at large.

Mr. Bi has not and cannot rebut Mr. Mohr's status as the presumptive Lead Plaintiff. Accordingly, Mr. Mohr respectfully requests that the Court grant his motion in its entirety.

## II.    ARGUMENT

### A.    Mr. Mohr Possesses the Largest Financial Interest in Relief Sought by the Class.

Mr. Mohr, with a recoverable loss of $4,980.00, has the largest financial interest in the litigation. Although the PSLRA does not define "largest financial interest," courts in the Ninth Circuit and throughout the country often look to the *Olsten/Lax* factors for guidance, which include: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class

period (*i.e.* retained through the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016); *see also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998). Of the four factors, "the weight of authority puts the most emphasis on the competing movants' estimated losses[.]" *Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559, at *11 (N.D. Cal. Apr. 28, 2016).

As evidenced in both his opening motion and his opposition, Mr. Mohr is the movant with the largest "financial interest." Although Mr. Bi *claims* a larger financial interest, his actual recoverable loss is less. Mr. Bi purchased approximately 60% of his shares *after* the alleged corrective disclosure and, therefore, those shares cannot be considered in the "financial interest" analysis. The following table provides the correct relative "financial interest" under the various factors identified above and properly disregards the shares purchased by Mr. Bi after the corrective disclosure:

| Movant | Gross Shares Purchased | Value of Shares | Recoverable Losses |
|---|---|---|---|
| Robert E. Mohr III | 500 | $6,000.00 | $4,980.00 |
| Mingxi Bi | 488 | $5,026.40 | $4,030.88 |

*See* ECF Nos. 9-3, 12-3 and 15-2.

The above table properly reflects the portion of Mr. Bi's recoverable losses under the federal securities laws pursuant to Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k. Mr. Bi purchased 818 shares of Metagenomi on June 13, 2024. *See* ECF No. 12-5. This was over a month after Metagenomi announced that it and Moderna had "mutually agreed to terminate their collaboration" agreement. *See* ECF No. 1 at ¶4. As a result of this news, Metagenomi's stock price declined from $7.04 per share on May 1, 2024 to $6.17 per share on May 2, 2024. *Id*. Thus, "at the time of such acquisition [Mr. Bi] knew of [Metagenomi's] untruth or omission." 15 U.S.C. § 77k(a). When the truth becomes known *prior* to a purchase, a shareholder cannot later claim to have sustained damages in connection with those shares. *See Erickson v. Snap, Inc.*, No. 2:17-CV-03679-SVW-AGR, 2017 U.S. Dist. LEXIS 221050, at *8 (C.D. Cal. Sept. 18, 2017) (finding a plaintiff atypical, and therefore denying the plaintiff's motion to be lead counsel, because the plaintiff's "transaction pattern presents a unique

2

ROBERT E. MOHR III'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF HIS MOTION FOR LEAD PLAINTIFF

issue" since the plaintiff's "post-disclosure purchases more than double[d] his holdings" in defendant); *In re Petrobras Sec. Litig.,* 104 F. Supp. 3d 618, 623 (S.D.N.Y. 2015) (rejecting movant group whose member purchased all shares after first partial disclosure); *GAMCO Inv'rs, Inc. v. Vivendi*, 917 F. Supp. 2d 246, 261 (S.D.N.Y. 2013) ("post-disclosure purchases *can* defeat the typicality requirement for class certification").

The *Hawaiian Electric* case is particularly instructive. In that case, shareholders argued that purchases made after a corrective disclosure should not be included for loss calculation purposes. In pertinent part, one of the shareholders argued that an opposing movant "cannot claim any recoverable losses caused by revelation of the Company's defective safety practices because the truth about the Company's safety practices was public knowledge when [he] purchased his shares." *Bhangal v. Hawaiian Electric Industries, Inc., et. al.,* Case No. 3:23-cv-04332-JSC (N.D. Cal. Aug. 24, 2023), ECF No. 56 at p. 5. The Court ultimately agreed with this argument, stating that the opposing movant would be, "subject to the unique defense that he did not actually rely on Defendants' misleading statements, but rather other strategic reasons for buying and selling Hawaiian Electric stock." *Bhangal v. Hawaiian Elec. Indus.*, No. 3:23-cv-04332-JSC, 2023 U.S. Dist. LEXIS 218534, at *10 (N.D. Cal. Dec. 7, 2023).

This case is analogous. Mr. Bi purchased over 800 shares (or 60% of his overall holdings) after the truth concerning the Moderna agreement came to light. Thus, in addition to being unable to recover damages on these shares, it appears that Mr. Bi did not rely on the alleged misrepresentation at issue in this case, *i.e.*, that Metagenomi had a collaboration agreement with Moderna. By disregarding the damages from Mr. Bi's post-disclosure shares, his recoverable loss falls to $4,030 compared to Mr. Mohr's recoverable loss of $4,980. *Compare* ECF Nos. 9-3 and 15-2.

**B.  Mr. Mohr Satisfies Rule 23's Typicality and Adequacy Requirements.**

Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Of the four prerequisites, only two—typicality and adequacy—are relevant inquiries on a motion for lead plaintiff, as they address the personal characteristic of the class representative. *See Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018

3

U.S. Dist. LEXIS 89401, at *5 (N.D. Cal. May 29, 2018) (focusing on typicality and adequacy). Only a "preliminary showing" of typicality and adequacy is required at this stage. *See Guohua Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010).

As set forth in his opening and opposition briefs, Mr. Mohr satisfies both the adequacy and typicality requirements of Rule 23. Like all class members, he relied on Metagenomi's misrepresentations, lost money as a result, and now seeks to recover it. *See* ECF Nos. 9-2 and 9-3. Further, Mr. Mohr has no conflicts with other class members, and his interests are aligned with the class' interest of maximizing a recovery for the class. 15 U.S.C. § 77z-1(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Moreover, Mr. Mohr is qualified to serve as lead plaintiff. Mr. Mohr considers himself a sophisticated investor, having been investing in securities for 10 years. ECF No. 9-5. He possesses a Bachelor of Science-Environmental Science/Business degree. *Id.* Mr. Mohr lives in Saint Petersburg, Florida and is employed as a director of sales at People Guru. *Id.* He also has experience overseeing attorneys for personal matters and business litigation in a franchise dispute. *Id.* Likewise, Mr. Mohr signed a certification pursuant to the federal securities laws and submitted a declaration detailing his motivation, intention, and willingness to oversee this litigation. There is no doubt that Mr. Mohr will adequately represent the interests of the proposed class.

### C.    Mr. Mohr is the Presumptive Lead Plaintiff.

Mr. Bi can only rebut the strong "most adequate lead plaintiff" presumption with actual proof that Mr. Mohr is atypical or inadequate. 15 U.S.C. § 77z- 4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 740-41 (9th Cir. 2002) ("the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class'"). "Speculative assertions" are insufficient to rebut the lead plaintiff presumption. *See Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) (collecting cases). Mr. Bi has failed to provide such "proof". Since Mr. Bi was unable show in his opposition that Mr.Mohr is somehow inadequate or atypical, Mr. Bi is barred from bringing any such arguments on reply. *See e.g., Westwood v. Brott*, Case No. 22-cv-03374-CRB, 2022 U.S. Dist. LEXIS 218885, at *16 (N.D. Cal. Dec. 5, 2022) ("Ordinarily, arguments raised for the first time in a reply brief are waived.") (citing

4

*Wildridge v. Marshall*, No. C 09–2236 SI, 2014 WL 1217974, at *3 n.4 (N.D. Cal. Mar. 21, 2014) (Illston, J.) and *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003)); "[A]rguments raised for the first time in a reply brief are waived." *Cottam v. Glob. Emerging Capital Grp., LLC*, 16 Civ. 4584 (LGS), 2020 U.S. Dist. LEXIS 56181, at *42 (S.D.N.Y. Mar. 30, 2020). *See Fisher v. Kanas*, 487 F. Supp. 2d 270, 278 (E.D.N.Y. 2007), *aff'd*, 288 F. App'x 721 (2d Cir. 2008) (citing *ABN AMRO VERZEKERINGEN BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 97 n.12 (2d Cir.2007)); *accord Mateo v. Bristow*, No. 12 Civ. 5052, 2013 U.S. Dist. LEXIS 106478, at *8 (S.D.N.Y. July 16, 2013) (citing cases). Mr. Mohr has the largest financial interest in the litigation and satisfies Rule 23.

## III.    CONCLUSION

For the foregoing reasons, Mr. Mohr respectfully requests that this Court: (1) appoint Mr. Mohr as Lead Plaintiff for the Class in the action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: December 16, 2024                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Robert E. Mohr III and Proposed Lead Counsel for the Class*

ROBERT E. MOHR III'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF HIS MOTION FOR LEAD PLAINTIFF