JONATHAN A. SHAPIRO (SBN 257199)
*JShapiro@goodwinlaw.com*
**GOODWIN PROCTER LLP**
525 Market Street
San Francisco, CA 94105
Phone: +1 415 733 6000
Fax: +1 415 677 9041

CAROLINE H. BULLERJAHN (*pro hac vice*)
*CBullerjahn@goodwinlaw.com*
TUCKER DEVOE (*pro hac vice*)
*TDeVoe@goodwinlaw.com*
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Phone: +1 617 570 1000
Fax: +1 617 523 1231

Attorneys for Defendants:
Metagenomi, Inc., Brian C. Thomas, Pamela
Wapnick, Juergen Eckhardt, Sebastian
Bernales, Risa Stack, and Willard Dere

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VREELAND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>METAGENOMI INC., BRIAN C. THOMAS, PAMELA WAPNICK, JUERGEN ECKHARDT, SEBASTIAN BERNALES, RISA STACK, and WILLARD DERE,<br><br>Defendants. | Case No. 5:24-cv-06765-EKL<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO THE COURT'S ORDER REGARDING SUPPLEMENTAL BRIEFING (ECF NO. 47)**<br><br>Complaint filed:            Sept. 26, 2024<br>Amended Complaint filed:  April 4, 2025 |

DEFENDANTS' SUPPLEMENTAL BRIEF                           Case No. 5:24-cv-06765-EKL

**INTRODUCTION**

The Ninth Circuit's split decision in *Sodha v. Golubowski*, --- F.4th ---, 2025 WL 2487954 (9th Cir. Aug. 29, 2025) does not affect the outcome of Defendants' motion to dismiss in this case—Defendants' motion should be granted.[1]

In *Sodha*, the Ninth Circuit's omissions analysis was limited to a situation where an issuer (1) discloses financial metrics from one quarter, and then (2) fails to disclose that "several [of those] financial metrics and key performance indicators declined after the end of the last reported fiscal quarter" but *before* the IPO. 2025 WL 2487954 at *10. Here, the IPO materials disclosed that Metagenomi had an ongoing collaboration Agreement with Moderna, that the two companies expected to collaborate under that Agreement, and that Moderna could terminate the Agreement at any time for any reason. (Mem. at 4-5.) While Moderna terminated the Agreement months *after* the IPO, there are no allegations in the AC concerning "the relationship between a prior statement concerning a particular time period and an event subsequent to that time period." *Sodha*, 2025 WL 2487954, at *10. Thus, *Sodha* has little bearing on the issues presented in Defendants' motion.

*Sodha* did, however, clarify one issue in this case: Plaintiffs argue that Defendants violated Item 105 because, even though the Registration Statement warns of significant risks to Metagenomi's business, "these 'risks' [allegedly] had already materialized before the IPO." (Opp. at 23.) *Sodha* rejected that theory of liability, writing: "mischaracterizing a past harm as a future risk cannot, standing alone, violate Item 105." 2025 WL 2487954 at *16.

**ARGUMENT**

**I.   The AC Does Not Allege a Claim under "Section 11's 'Misleading' Prong".**

*Sodha* reaffirms the core principle that the "misleading" prong of Section 11 does *not* require all material information to be disclosed. Instead, "'[a]s long as the omissions do not make the actual statements misleading,' disclosure is not required 'even if the company discloses some [related information] and even if investors would consider the omitted information significant.'" *Sodha*, 2025 WL 2487954, at *9 (quoting *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 880

---

[1] Capitalized terms used and not defined have the meanings assigned to them in Defendants' Memorandum of Points and Authorities (ECF No. 40, the "Memorandum" or "Mem.") and Reply Memorandum of Points and Authorities (ECF No. 42, the "Reply").

n.8 (9th Cir. 2012)) (alteration in original). The facts of *Sodha* presented a specific circumstance within that larger framework: "where the disclosure duty arises from the combination of [1] a prior statement and [2] a subsequent event, which, if not disclosed, renders the prior statement false or misleading." *Id.* Where that occurs—for example, with changing financial results over time—the Ninth Circuit held "Sections 11 and 12 create a duty to disclose all material information **in cases like this one**." *Id.* (emphasis added). By limiting its holding to "cases like this one," the Ninth Circuit made clear it was not upsetting longstanding precedent that a company is not required to disclose "all material adverse events." *Rigel*, 697 F.3d at 880 n.8. Nor did *Sodha* address other core doctrines, like bespeaks caution or the evaluation of opinion statements under *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 194 (2015).

*Sodha* also reaffirmed that "Plaintiffs cannot fault [the issuer's] IPO disclosures for omitting events that took place after the IPO." 2025 WL 2487954, at *10 n.4. That ultimately is all Plaintiffs assert in this case. The Registration Statement disclosed the existence of an Agreement between Metagenomi and Moderna and that the Agreement was terminable at will at any time by Moderna for any reason; that termination did not happen until months after the IPO. (Mem. at 3-6.) Plaintiffs cannot fault Defendants for failure to predict "events that took place after the IPO" like the future termination of that Agreement.

In sum, Plaintiffs' action against Defendants is not a "case[] like" *Sodha*. Unlike *Sodha*, where the issuer failed to update prior-quarter financial information with subsequent-quarter negative trends in "several financial metrics and key performance indicators" known to it prior to the IPO, *id.* at *10, there is no similar failure to update alleged here. To the contrary, even the AC's CWs admit that the Moderna collaboration continued through the time of the IPO. (Mem. at 10-11; AC ¶ 53.) And the AC does not plausibly allege that the Agreement was *de facto* terminated by the time of the IPO either. (Mem. at 11-15; Reply at 3-4.) In addition, while the AC claims (through vague, inconsistent CW allegations) that the attendance at meetings and tenor of the working relationship between the parties grew more "contentious" over time (AC ¶ 49), the Registration Statement nowhere provided any information (qualitative or quantitative) characterizing that working relationship. (*See* Reply at 4-5.) Thus, there was no "prior statement

concerning a particular time period," and, in *Sodha*'s own terms, there was nothing to update at the time of the Registration Statement. 2025 WL 2487954, at *10.

Thus, the AC should be dismissed for the reasons articulated in Defendants' prior briefing. Like in this Court's recent decision in *Dolly v. Gitlab Inc.*, the AC's CW allegations do not "speak directly" to the disclosures of the Registration Statement in a manner that creates an actionable claim. 2025 WL 2372965, at *12 (N.D. Cal. Aug. 14, 2025) (finding that CW allegations about "response times" did "not contradict [d]efendants' statements because the complaint does not allege that [d]efendants" made comparable claims about "response times"). And *Sodha* does not change the legal standards articulated in Defendants' briefing or the analysis of whether a defendant's statements were false or misleading. It remains the case that there is "no duty to disclose where the failures to speak did not affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." *Sodha*, 2025 WL 2487954 at *9 (quoting *Retail Wholesale & Dep't Store Union Loc. 388 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1278 (9th Cir. 2017) (quoting *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002))) (internal quotation marks omitted); *accord Dolly*, 2025 WL 2372965, at *12 (quoting *Brody*). Here, Defendants did not "affirmatively create" that misleading impression.

## II.    Under *Sodha*, Defendants Did Not Violate Item 105.

*Sodha* confirms Plaintiffs' Item 105 claim fails. Plaintiffs do not argue that Metagenomi's Registration Statement failed to include any relevant risk factor. Instead, Plaintiffs argue that "because these 'risks' had already materialized before the IPO," the risk factors disclosed in the Registration Statement were actionable. (*See* Opp. at 22-24.) *Sodha* rejected that theory of liability, explaining: "If Defendants failed to adequately disclose past events but sufficiently disclosed those future risks, they would have adequately disclosed the factors making the investment speculative or risky ***and would not have violated Item 105***." 2025 WL 2487954, at *16 (emphasis added); *id.* ("[M]ischaracterizing a past harm as a future risk cannot, standing alone, violate Item 105."). Accordingly, the Registration Statement's extensive discussion of the risks involved in Metagenomi's collaboration with Moderna, including the potential for Moderna to terminate the Agreement, does not violate Item 105. (*See* Mem. at 5 (discussing risk factors).)

Dated:  September 9, 2025

Respectfully submitted,

By: /s/ *Jonathan A. Shapiro*
JONATHAN A. SHAPIRO (SBN 257199)
*JShapiro@goodwinlaw.com*
**GOODWIN PROCTER** LLP
525 Market Street
San Francisco, CA 94105
Phone: +1 415 733 6000
Fax: +1 415 677 9041

CAROLINE H. BULLERJAHN (*pro hac vice*)
*CBullerjahn@goodwinlaw.com*
TUCKER DEVOE (*pro hac vice*)
*TDeVoe@goodwinlaw.com*
**GOODWIN PROCTER** LLP
100 Northern Avenue
Boston, MA 02210
Phone: +1 617 570 1000
Fax: +1 617 523 1231

*Attorneys for Defendants:*
*Metagenomi, Inc., Brian C. Thomas, Pamela Wapnick, Juergen Eckhardt, Sebastian Bernales, Risa Stack, and Willard Dere*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **September 9, 2025**.  I further certify that all participants in the case are registered CM/ ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **September 9, 2025**.

/s/ *Jonathan A. Shapiro*
JONATHAN A. SHAPIRO